We agree that the court overlooked exhibit 22. Exhibits 22 and 53 contain mileage for trips to the same providers for the same services, such as mileage to and from occupational therapy. It is not apparent why the court would award mileage expenses for Armstrong's occupational therapy on November 13, 2013, documented in exhibit 53, but not her trip to occupational therapy on November 8, 2013, documented in exhibit 22. We therefore direct the court to consider on remand which of the trips described in exhibit 22, if any, the State should pay.

## CONCLUSION

We affirm the compensation court's finding that Armstrong is permanently partially disabled and has suffered a 75-percent loss of earning capacity. A worker is not, as a matter of law, totally disabled solely because she is unable to work full time. We also conclude that the court did not err by denying Armstrong a waiting-time penalty, attorney fees, and interest under § 48-125. But we conclude that the court failed to consider the mileage expenses detailed in exhibit 22. We therefore remand the cause and direct the court to consider exhibit 22 and determine the mileage of the trips, if any, the State should pay.

Affirmed in part, and in part reversed
and remanded with directions.

Heavican, C.J., participating on briefs.

———————————

Jlee Rafert et al., appellants, v.
Robert J. Meyer, appellee.
___ N.W.2d ___

Filed February 27, 2015.    No. S-14-003.

1.  **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.
2.  **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.

3. **Trusts.** As a general rule, the authority of a trustee is governed not only by the trust instrument but also by statutes and common-law rules pertaining to trusts and trustees.

4. ____. A trustee has a duty to fully inform the beneficiary of all material facts so that the beneficiary can protect his or her own interests where necessary.

5. ____. Every violation by a trustee of a duty required of him by law, whether willful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust.

6. **Dismissal and Nonsuit: Pleadings: Appeal and Error.** When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff.

7. **Trusts.** A trustee has the duty to administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with the Nebraska Uniform Trust Code.

8. **Trusts: Liability: Damages.** A violation by a trustee of a duty required by law, whether willful, fraudulent, or resulting from neglect, is a breach of trust, and the trustee is liable for any damages proximately caused by the breach.

9. **Trusts.** A term of a trust relieving a trustee of liability for breach of trust is unenforceable to the extent that it relieves the trustee of liability for breach of trust committed in bad faith or with reckless indifference to the purposes of the trust or the interests of the beneficiaries.

Appeal from the District Court for Richardson County: Daniel E. Bryan, Jr., Judge. Reversed and remanded for further proceedings.

Gary J. Nedved and Joel Bacon, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellants.

Mark C. Laughlin and Jacqueline M. DeLuca, of Fraser Stryker, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

This is an action for breach of trust. The settlor, Jlee Rafert, directed her attorney, Robert J. Meyer, to prepare an irrevocable trust that named Meyer as the trustee. The corpus of the trust was three insurance policies on the life of Rafert, issued in the total amount of $8.5 million. The policies were payable

on Rafert's death to the trustee for the benefit of Rafert's four daughters. The trust instrument provided that the trustee had no duty to pay the insurance premiums, had no duty to notify the beneficiaries of nonpayment of such premiums, and had no liability for any nonpayment.

Meyer executed all three insurance policy applications, each identifying the trust as owner of the policy. On each policy application executed by Meyer, he provided the insurer with a false address for the trust. The initial premiums were paid in 2009, but in 2010, the policies lapsed for nonpayment of the premiums due. Rafert, Meyer, and the beneficiaries did not receive notice until August 2012 from the insurers that the policies had lapsed. Rafert paid $252,841.03 to an insurance agent who did not forward the payment to the insurers.

Rafert and her daughters (collectively Appellants) sued Meyer for breach of his duties as the trustee and damages that occurred as a result of the breach. The trial court sustained Meyer's motion to dismiss for failure to state a claim against Meyer.

For the reasons stated herein, we reverse the judgment of the district court and remand the cause for further proceedings.

## SCOPE OF REVIEW

[1,2] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Doe v. Board of Regents*, 280 Neb. 492, 788 N.W.2d 264 (2010). To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014).

## FACTS

### Background

On March 17, 2009, Rafert executed an irrevocable trust for the benefit of her four adult daughters. Meyer prepared the trust instrument and named himself as the trustee. Meyer did not meet with Rafert to explain the provisions of the trust or

who would be responsible for monitoring the insurance policies owned by the trust.

As trustee, Meyer signed three applications for life insurance that named Rafert as the insured and the trust as the owner of the policies. On each application, Meyer gave the insurer a false address in South Dakota for Meyer as trustee. Since the creation of the trust, Meyer was a resident of Falls City, Nebraska, and never received mail at the South Dakota address. The insurers were TransAmerica Life Insurance Company (TransAmerica), Lincoln Benefit Life Company (Lincoln Benefit), and Lincoln National Life Insurance Company (Lincoln National) (collectively insurers). In 2009, Rafert paid initial premiums on each of the policies in the amounts of $97,860, $63,916, and $100,230, respectively.

TransAmerica sent a notice to Meyer at the false address that premiums of $97,860 were due and a subsequent notice that the policy was in danger of lapsing. In November 2010, a final notice and letter were sent to Meyer stating that the policy had lapsed effective August 11, 2010, but that the policy allowed for reinstatement.

Lincoln Benefit sent a notice to Meyer at the false address that a premium of $60,150 was due on May 26, 2010, and a subsequent letter to inform Meyer that the policy was in its grace period and was in danger of lapsing. On February 23, 2011, a final notice was sent to Meyer stating that the grace period had expired but that the policy could be reinstated.

Appellants asserted that Lincoln National would have sent similar notices in 2010 to the false address given to Lincoln National by Meyer.

Appellants alleged that Meyer breached his fiduciary duties as trustee and that as a direct and that as a proximate result of the breach of Meyer's duties, the policies lapsed, resulting in the loss of the initial premiums. And after the policies had lapsed, Rafert paid additional premiums in the amount of $252,841.03. These premiums were paid directly to an insurance agent by issuing checks to a corporation owned by the agent. However, the premiums were never forwarded to the insurers by the agent or his company, and Appellants do not know what happened to the premiums.

Appellants alleged that Rafert's daughters, as qualified beneficiaries, had an immediate interest in the premiums paid by Rafert. As a result of Meyer's providing the insurers with a false address, Appellants did not receive notices of the lapses of the three policies until August 2012.

### Procedural Background

Meyer moved to dismiss Appellants' second amended complaint, asserting that he did not cause the nonpayment of the premiums, that he had no notice from the insurers of nonpayment, and that his failure to submit annual reports to the beneficiaries had no causal connection to the damages claimed, because the lapses had occurred after his report would have been submitted.

The district court dismissed the second amended complaint with prejudice, finding that pursuant to the terms of the trust, Meyer did not have a duty to pay the premiums or to notify anyone of the nonpayment of the premiums. Nor, it observed, did he have any responsibility for the failure to pay the premiums. It concluded the pleadings failed to allege how Meyer's actions had caused the lapses of the policies.

Appellants timely appealed.

### ASSIGNMENTS OF ERROR

Appellants assign that the district court erred in granting Meyer's motion to dismiss their second amended complaint. They claim the court erred in concluding that they had not stated a plausible claim that Meyer had breached his mandatory duties under the Nebraska Uniform Trust Code (Code) to act in good faith and in the interest of the beneficiaries. They assert that the court erred in finding that Appellants did not state a plausible claim that Meyer breached his mandatory duty to keep qualified beneficiaries reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests.

### ANALYSIS

This case is presented as a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6). We therefore consider whether Appellants' factual allegations set forth a plausible claim for

which relief may be granted. The issue is whether Appellants stated a plausible claim that Meyer breached his fiduciary duties to act in good faith and in accordance with the terms and purposes of the trust and the interests of the beneficiaries and whether Appellants were damaged as a result.

Our decision is controlled by certain common-law rules pertaining to trusts and trustees and by the provisions of the Code.

[3,4] As a general rule, the authority of a trustee is governed not only by the trust instrument but also by statutes and common-law rules pertaining to trusts and trustees. *Wahrman v. Wahrman*, 243 Neb. 673, 502 N.W.2d 95 (1993). A trustee has a duty to fully inform the beneficiary of all material facts so that the beneficiary can protect his or her own interests where necessary. *Karpf v. Karpf*, 240 Neb. 302, 481 N.W.2d 891 (1992). "'[A] trustee owes beneficiaries of a trust his undivided loyalty and good faith, and all his acts as such trustee must be in the interest of the [beneficiary] and no one else.'" *Id*. at 311, 481 N.W.2d at 897.

[5] Every violation by a trustee of a duty required of him by law, whether willful and fraudulent, or done through negligence, or arising through mere oversight or forgetfulness, is a breach of trust. *Johnson v. Richards*, 155 Neb. 552, 52 N.W.2d 737 (1952). It is generally held that an exculpatory clause will not excuse the trustee from liability for acts performed in bad faith or gross negligence. George Gleason Bogert & George Taylor Bogert, The Law of Trusts and Trustees § 542 (2d rev. ed. 1993).

The relevant provisions of the Code provide:

> (a) Except as otherwise provided in the terms of the trust, the . . . Code governs the duties and powers of a trustee, relations among trustees, and the rights and interests of a beneficiary.
>
> (b) The terms of a trust prevail over any provision of the [C]ode except:
>
> . . . .
>
> (2) the duty of a trustee to act in good faith and in accordance with the terms and purposes of the trust and the interests of the beneficiaries;

. . . .

(8) the duty under subsection (a) of section 30-3878 to keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests, and to respond to the request of a qualified beneficiary of an irrevocable trust for . . . information reasonably related to the administration of a trust; [and]

(9) the effect of an exculpatory term under section 30-3897.

Neb. Rev. Stat. § 30-3805 (Reissue 2008).

A trustee must "administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with the . . . Code." Neb. Rev. Stat. § 30-3866 (Reissue 2008). Regarding a trustee's duty to keep the beneficiaries of the trust reasonably informed of the trust assets, "[a] trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests." Neb. Rev. Stat. § 30-3878(a) (Reissue 2008). The Code provides that a term limiting a trustee's liability for breach of trust is unenforceable to the extent it "relieves the trustee of liability for breach of trust committed in bad faith or with reckless indifference to the purposes of the trust or the interests of the beneficiaries." Neb. Rev. Stat. § 30-3897(a)(1) (Reissue 2008). Furthermore, an exculpatory clause in a trust is invalid "unless the trustee proves that the exculpatory term is fair under the circumstances and that its existence and contents were adequately communicated to the settlor." § 30-3897(b).

[6] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014). When analyzing a lower court's dismissal of a complaint for failure to state a claim, an appellate court accepts the complaint's factual allegations as true and construes them in the light most favorable to the plaintiff. *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb.

79, 727 N.W.2d 447 (2007). Consequently, we look to the factual pleadings in the second amended complaint, accepting all allegations as true and drawing all reasonable inferences therefrom in favor of Appellants to determine whether Appellants have stated a plausible claim.

Appellants allege that Meyer breached his duties as trustee by providing a false address to the insurers, failing to keep Appellants informed of the facts necessary to protect their interests, failing to furnish annual statements, failing to communicate the terms of the trust to Rafert, and failing to act in good faith and in accordance with the terms and purposes of the trust and in the interests of the beneficiaries.

Meyer contends that his duties were limited by articles II and IV of the trust and that providing a false address to the insurers and failing to furnish annual reports did not cause the premiums not to be paid. Articles II and IV of the trust provide:

### ARTICLE II

The Trustee shall be under no obligation to pay the premiums which may become due and payable under the provisions of such policy of insurance, or to make certain that such premiums are paid by the Grantor or others, or to notify any persons of the noon-payment [sic] of such premiums, and the Trustee shall be under no responsibility or liability of any kind in the event such premiums are not paid as required.

. . . .

### ARTICLE IV

. . . The Trustee shall not be required to make or file an inventory or accounting to any Court, or to give bond, but the Trustee shall, at least annually, furnish to each beneficiary a statement showing property then held by the Trustee and the receipts and disbursements made.

Meyer claims that he had no obligation as trustee to monitor or notify any person of the nonpayment of premiums and that the district court correctly relied upon the language of article II in dismissing Appellants' action. We disagree. The Code provides deference to the terms of the trust, but this deference does not extend to all the trustee's duties. Those

duties to which the Code does not defer are described above in § 30-3805.

[7,8] A trustee has the duty to administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries, and in accordance with the Code. § 30-3866. A violation by a trustee of a duty required by law, whether willful, fraudulent, or resulting from neglect, is a breach of trust, and the trustee is liable for any damages proximately caused by the breach. *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004).

In drafting the trust, Meyer could not abrogate his duty under § 30-3805 to keep Appellants reasonably informed of the material facts necessary for them to protect their interests. Notice of nonpayment of the premiums would have profoundly affected Appellants' actions to protect the policies from lapsing. Notice that the policies had lapsed would have affected the subsequent payment by Rafert as settlor to the insurance agent.

Meyer admittedly provided a false address on each of the insurance applications. This had the obvious result that the insurers' notices regarding premiums due would not reach any of the parties. Despite this, Meyer argues that article II limits his liability for any claims related to nonpayment of the premiums. Meyer goes so far as to suggest that he did not have the duty to inform Appellants even if he had received notices of the nonpayment of the premiums.

Such a position is clearly untenable and challenges the most basic understanding of a trustee's duty to act for the benefit of the beneficiaries under the trust. Perhaps the most fundamental aspect of acting for the benefit of the beneficiaries is protecting the trust property. Article II cannot be relied upon to abrogate Meyer's duty to act in good faith and in accordance with the terms and purposes of the trust and the interests of the beneficiaries.

[9] Our conclusion remains the same whether we treat article II as an exculpatory clause or as a term limiting Meyer's duties or liability.

> A term of a trust relieving a trustee of liability for breach of trust is unenforceable to the extent that it:

> (1) relieves the trustee of liability for breach of trust committed in bad faith or with reckless indifference to the purposes of the trust or the interests of the beneficiaries[.]

§ 30-3897(a). Appellants have alleged sufficient facts for a court to find that Meyer acted in bad faith or reckless indifference to the purposes of the trust or the interests of the beneficiaries by providing a false address to the insurers. This is not a situation where a gratuitous trustee, who had no involvement in the drafting of the trust or the administration of the insurance policy, undertook only to distribute insurance proceeds after the insured's death. The trustee's duties must be viewed in the light of the trustee's alleged involvement in these matters. If there was none, the result might well be different.

If article II is an exculpatory clause, it is invalid because Meyer failed to adequately communicate its nature and effect to Rafert. "An exculpatory term drafted or caused to be drafted by the trustee is invalid as an abuse of a fiduciary or confidential relationship *unless the trustee proves that the exculpatory term is fair under the circumstances and that its existence and contents were adequately communicated to the settlor*." § 30-3897(b) (emphasis supplied). Appellants alleged that Meyer drafted the trust agreement but never met with Rafert or explained the terms of the trust and the respective duties of each party.

We next consider Meyer's duty to furnish annual reports to the beneficiaries. Meyer contends that the lapses of the policies occurred prior to the time such reports were due. But annual reporting was a minimum requirement in the ordinary administration of the trust. A reasonable person acting in good faith and in the interests of the beneficiaries would not wait until such annual report was due before informing the beneficiaries that the trust assets were in danger of being lost. Meyer's duty to report the danger to the trust property became immediate *when the insurers issued notices of nonpayment of the premiums*. As trustee, Meyer had a statutory duty "to keep the qualified beneficiaries of the trust reasonably informed . . . of the material facts necessary for them to protect their

interests." § 30-3805(b)(8). Here, again, according to the allegations, Meyer was not an otherwise uninvolved and gratuitous trustee.

The pleadings alleged that Meyer's breach of his fiduciary duties as trustee was a direct and proximate cause of the damages sustained by Appellants. Meyer contends the damages claimed by Appellants cannot be traced to Meyer's conduct. And the district court concluded that Meyer's actions did not cause the premiums not to be paid by the insurance agent. But Meyer's actions prevented Appellants from knowing the premiums had not been paid, and it is reasonable to infer that Meyer's actions prevented Appellants from acting to protect their interests.

Appellants claimed that the subsequent payment of premiums to the agent occurred after the policies had lapsed. It can reasonably be inferred that a false address given to the insurers caused the notices of the defaults in payment not to reach Appellants and that as a result, Appellants paid premiums amounting to $252,841.03 to the insurance agent after the policies had lapsed. It is reasonable to infer that had they known of the lapses, they would have taken the necessary action to protect their interests.

Meyer had a statutory duty to inform Appellants of the material facts necessary for them to protect their interests. This duty arose when the insurers issued the notices of nonpayment of the premiums. The second amended complaint alleged sufficient facts to state a plausible claim against Meyer for breach of fiduciary duty.

## CONCLUSION

For the reasons stated herein, we reverse the judgment of the district court dismissing Appellants' second amended complaint and we remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.