Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/20/2016 11:06 AM CDT

HEATH A. SHURIGAR, APPELLANT, V.
NEBRASKA STATE PATROL, APPELLEE.
___ N.W.2d ___

Filed May 20, 2016.    No. S-15-396.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question
   of law, for which an appellate court has an obligation to reach an inde-
   pendent conclusion irrespective of the decision made by the court below.
2. **Administrative Law: Judgments: Appeal and Error.** A judgment or
   final order rendered by a district court in a judicial review pursuant to
   the Administrative Procedure Act may be reversed, vacated, or modified
   by an appellate court for errors appearing on the record.
3. ____: ____: ____. When reviewing an order of a district court under
   the Administrative Procedure Act for errors appearing on the record, the
   inquiry is whether the decision conforms to the law, is supported by com-
   petent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Judgments: Appeal and Error.** Whether a decision conforms to law
   is by definition a question of law, in connection with which an appel-
   late court reaches a conclusion independent of that reached by the
   lower court.
5. **Statutes.** Absent a statutory indication to the contrary, words in a statute
   will be given their ordinary meaning.
6. **Statutes: Legislature: Intent.** When construing a statute, a court's
   objective is to determine and give effect to the legislative intent of
   the enactment.

Appeal from the District Court for Lancaster County: LORI
A. MARET, Judge. Affirmed.

Justin J. Cook, of Lincoln Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith
for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, and Kelch, JJ.

Kelch, J.

## NATURE OF CASE

This is an appeal, pursuant to the Administrative Procedure Act, from the district court's order affirming an order of the Nebraska State Patrol (State Patrol), which denied Heath A. Shurigar's application for a permit to carry a concealed handgun. The State Patrol denied Shurigar's application because it determined that a prior conviction in Oklahoma disqualified Shurigar under Neb. Rev. Stat. § 69-2433(8) (Cum. Supp. 2014). That decision was affirmed following an administrative hearing. Shurigar appealed to the district court, which also affirmed. Now, Shurigar appeals to this court.

## FACTS

On April 18, 2013, Shurigar submitted a "Nebraska Concealed Handgun Permit Application" to the State Patrol. On the application, Shurigar acknowledged that he had been convicted of violating a law relating to firearms in the past 10 years. In a handwritten attachment to the application, Shurigar explained that 1 year prior to his application, he had been found to be in possession of a loaded pistol in the State of Oklahoma and later had pled guilty to the Oklahoma crime of "Transporting Loaded Firearm in Motor Vehicle, Misdemeanor." Because of this prior conviction, the State Patrol denied Shurigar's application.

After receiving notice that his application was denied, Shurigar requested an administrative hearing before the State Patrol. The request was granted. At the administrative hearing, a court document from Oklahoma was received into evidence; that document reflected that Shurigar had pled guilty to the charge of transporting a loaded firearm in a motor vehicle. Shurigar also testified and admitted to his conviction. A copy of the Oklahoma criminal statute that Shurigar pled guilty of violating was also admitted into evidence.

After the administrative hearing, the State Patrol again denied Shurigar's application for a concealed handgun permit, reasoning that Shurigar's conviction in Oklahoma disqualified him from obtaining such permit pursuant to § 69-2433(8). That statute provides, in relevant part:

An applicant shall:

. . . .

(8) Not have had a conviction of any law of this state relating to firearms, unlawful use of a weapon, or controlled substances or of any similar laws of another jurisdiction within the ten years preceding the date of application. This subdivision does not apply to any conviction under Chapter 37 or under any similar law of another jurisdiction, except for a conviction under section 37–509, 37–513, or 37–522 or under any similar law of another jurisdiction.

From the State Patrol's order, Shurigar appealed to the district court. Shurigar alleged that he was not disqualified from obtaining the concealed handgun permit under § 69-2433(8), because his conviction for transporting a loaded firearm in a motor vehicle was not similar to Neb. Rev. Stat. § 37-522 (Reissue 2008). Section 37-522 provides in part: "It shall be unlawful to have or carry, except as permitted by law, any shotgun having shells in either the chamber, receiver, or magazine in or on any vehicle on any highway."

The applicable portion of the Oklahoma statute which Shurigar was convicted of violating, Okla. Stat. Ann. tit. 21, § 1289.13 (West 2015), provides: "[I]t shall be unlawful to transport a loaded pistol, rifle or shotgun in a landborne motor vehicle over a public highway or roadway."

The district court determined that Shurigar's conviction in Oklahoma for transporting a loaded firearm in a motor vehicle was similar to § 37-522 and therefore affirmed the State Patrol's denial of Shurigar's application. Shurigar appeals.

## ASSIGNMENTS OF ERROR

Shurigar assigns, restated, that the district court erred (1) in deciding that the Oklahoma conviction was sufficiently similar to a conviction under § 37-522 so as to disqualify him under § 69-2433(8) and (2) in failing to consider the legislative intent and primary purpose of § 69-2433.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Underwood v. Nebraska State Patrol*, 287 Neb. 204, 842 N.W.2d 57 (2014).

[2-4] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Underwood, supra.* When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Underwood, supra.* Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

## ANALYSIS

The issue in this case is whether Okla. Stat. Ann. tit. 21, § 1289.13, is a law "similar" to § 37-522 within the meaning of § 69-2433. Shurigar argues it is not, and we disagree.

[5,6] The phrase "similar laws" is not defined by § 69-2433(8). Absent a statutory indication to the contrary, words in a statute will be given their ordinary meaning. *State v. Au*, 285 Neb. 797, 829 N.W.2d 695 (2013); *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011). When construing a statute, a court's objective is to determine and give effect to the legislative intent of the enactment. *State v. Mena-Rivera*, 280 Neb.

948, 791 N.W.2d 613 (2010). Turning to the plain and ordinary meaning of the word "similar," Merriam-Webster's Collegiate Dictionary 1090 (10th ed. 2001) defines the term as "having characteristics in common."

Next, we must consider the similarities or "characteristics in common" between the Oklahoma and Nebraska statutes at issue. As noted, the applicable portion of § 37-522 states: "It shall be unlawful to have or carry, except as permitted by law, any shotgun having shells in either the chamber, receiver, or magazine in or on any vehicle on any highway." In comparison, the applicable portion of Okla. Stat. Ann. tit. 21, § 1289.13, states: "[I]t shall be unlawful to transport a loaded pistol, rifle or shotgun in a landborne motor vehicle over a public highway or roadway." Both statutes prohibit the transportation of loaded guns on a highway. The main difference is that Nebraska's statute prohibits the transportation of a loaded *shotgun*, whereas, Oklahoma's statute prohibits the transportation of a loaded *pistol, rifle, or shotgun*. We find that this constitutes "characteristics in common" and that Okla. Stat. Ann. tit. 21, § 1289.13, is a law "similar" to § 37-522 within the meaning of § 69-2433. This assignment is without merit.

Lastly, we must also address Shurigar's claim that the district court failed to consider the legislative intent and primary purpose of § 69-2433. To the contrary, the district court stated that "[t]he obvious purpose of § 69-2433 is to prevent people with a demonstrated propensity to commit crimes, including crimes involving acts of violence, from carrying concealed weapons so as to minimize the risk of future gun violence." Citing *Underwood*, 287 Neb. at 211, 842 N.W.2d at 62. This court observed in *Underwood* that in enacting the Concealed Handgun Permit Act, the Legislature was "'concerned with the future behavior of a holder of a [gun] permit,'" and that the Legislature had deemed certain past crimes to be indicative of future behavior and therefore precluded persons who had committed those crimes from being eligible to obtain a concealed handgun permit. 287 Neb. at 211, 842 N.W.2d at 62.

Further, Shurigar argues that transporting a loaded pistol on a highway "cannot possibly be construed as a 'crime of violence.'" Brief for appellant at 13. This argument assumes that the Legislature, in enacting the Concealed Handgun Permit Act, is concerned solely with crimes of violence. However, § 69-2433 disqualifies persons from obtaining a concealed handgun permit, not only if they "have been convicted of a misdemeanor crime of violence" under subsection (5), but also if they have been convicted of certain laws "relating to firearms [or] unlawful use of a weapon" under subsection (8).

The Legislature clearly deems a person to be a risk if they have violated § 37-522, which makes it unlawful to transport a loaded shotgun on a highway in Nebraska. We see no reason why a person violating another jurisdiction's law against transporting a loaded *pistol* on a highway would be any less of a risk of committing future crimes than a person transporting a loaded shotgun. To the contrary, a violation of such a law shows the person's unwillingness to conform to the law. Accordingly, the district court properly considered the legislative intent and primary purpose of § 69-2433.

## CONCLUSION

The district court did not err in deciding that the Oklahoma conviction was sufficient grounds to deny the application under § 69-2433(8) based upon a firearm conviction of "similar laws" of another jurisdiction. The decision of the district court affirming the State Patrol's order denying Shurigar's application for a permit to carry a concealed handgun is hereby affirmed.

AFFIRMED.

STACY, J., not participating.