IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

GRAY V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

GRAYLIN GRAY, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.

Filed April 25, 2017.    No. A-16-287.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Graylin Gray, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith for appellees.

PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Graylin Gray appeals an order of the district court which granted the motion of the Nebraska Department of Correctional Services et al. (DCS) to dismiss for failure to state a claim upon which relief can be granted pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). On appeal, Gray argues that the district court erred in granting DCS' motion to dismiss. For the reasons set forth below, we affirm.

## BACKGROUND

On August 10, 2015, Gray filed a petition for declaratory judgment pursuant to Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 2016). This petition requested the district court issue an order declaring two DCS administrative regulations unconstitutional. On September 8, 2015, DCS filed

a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). The district court held a hearing on the motion on November 19, 2015.

During the hearing, DCS requested the district court take judicial notice of the two administrative regulations at issue, administrative regulations (A.R.) 116.01 and 205.01. DCS informed the district court that both regulations were attached to its brief in support of its motion. Additionally, DCS informed the district court that both regulations were publicly available documents. Ultimately, the district court took judicial notice of the regulations without objection from Gray.

Also during the hearing on DCS' motion to dismiss, DCS denied Gray's claim that the regulations were unconstitutional. It also argued that the regulations were even more lenient than an Iowa Corrections' regulation the U.S. Court of Appeals for the Eighth Circuit held was constitutional. Gray argued that the regulations were unconstitutional pursuant to *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). After taking the matter under advisement, the district court issued an order on March 4, 2016, granting DCS' motion to dismiss.

## ASSIGNMENT OF ERROR

Gray asserts the district court erred by granting DCS' motion to dismiss.

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016). When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *Id.*

## ANALYSIS

Gray argues that A.R. 116.01 and 205.01 are unconstitutional because the regulations require indigent inmates to pay their own costs for legal correspondence. He argues this is contrary to the United States Supreme Court ruling in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Brief for appellant at 3. Before we can address the merits of Gray's arguments, we must first address whether the record is sufficient for our review.

During the hearing, DCS requested the district court take judicial notice of the two administrative regulations at issue, A.R. 116.01 and 205.01. DCS informed the district court that a copy of both regulations was attached to its brief in support of its motion. Additionally, DCS informed the district court that both regulations were publicly available documents. The district court took judicial notice of the regulations without objection from Gray.

A.R. 116.01 and 205.01 are not contained within our record on appeal. Although the district court took judicial notice of the regulations, neither Gray nor DCS attached them as an exhibit at any stage of the proceedings. Contrary to DCS' claims to the district court, the regulations are not publicly available documents because they have not been filed with the Secretary of State.

Every court of this state may take judicial notice of any rule or regulation that is signed by the Governor and filed with the Secretary of State. Neb. Rev. Stat. § 84-906.05 (Reissue 2014).

The administrative regulations challenged herein are currently available on DCS' website, but they have not been filed with the Secretary of State. Therefore, we decline to take judicial notice of them. *JCB Enters. v. Nebraska Liq. Cont. Comm.*, 275 Neb. 797, 749 N.W.2d 873 (2008).

Here, the complete lack of a record of the regulations in question on appeal hinders our review of Gray's claim. It is difficult to assess whether Gray has alleged sufficient facts to state a claim for relief that is plausible on its face when the regulations he complains of are not in our record. See, generally, *State v. Bush*, 254 Neb. 260, 576 N.W.2d 177 (1998) (discussing appellate courts' refusal to take judicial notice of ordinances, stating such courts "cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record"). Items judicially noticed are to be separately marked, offered, and received to enable efficient review by this court. *In re Guardianship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014).

Nevertheless, in this case we are able to apply the general principles related to a motion to dismiss to Gray's petition and render a decision given that the petition does allege at least some of the content of the complained of regulations. Having reviewed Gray's petition and accepted all of Gray's recitations of A.R. 116.01 and 205.01 as true, and having drawn all reasonable inferences in favor of Gray, we find that we are able to test the legal sufficiency of the claim in this case.

Gray argues the district court erred in granting DCS' motion to dismiss his petition. Gray alleges that A.R. 116.01 and 205.01 are unconstitutional pursuant to the United States Supreme Court ruling in *Bounds v. Smith, supra*. Gray argues that A.R. 116.01 and 205.01 are unconstitutional because they allow DCS to indebt an indigent inmate's monetary account in order to cover the costs of postage and photocopies once an inmate exhausts his monthly state-provided postage. Gray argues that the United States Supreme Court in *Bounds v. Smith, supra*, requires that an indigent inmate be provided with pens, paper, and postage to draft legal documents. Upon review, we find no merit in Gray's assertions.

The district court applied the test set forth in *Turner v. Safely*, 482 U.S. 78, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987), which upon our de novo review, we agree is applicable in this case. When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Id.*, 482 U.S. at 89. Therefore, if A.R. 116.01 and 205.01 are reasonably related to a legitimate penological interest, they must be found constitutional.

The constitutional right that the court in *Bounds* acknowledged was the right of access to the courts. *Casey v. Lewis*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. *Id.* The tools *Bounds* requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. *Id.* Impairment of any other litigating capacity is simply one of the incidental consequences of conviction and incarceration. *Id.*

A.R. 116.01 and 205.01, as reproduced by Gray, appear similar to regulations the U.S. Court of Appeals for the Eighth Circuit found constitutional in *Blaise v. Fenn*, 48 F.3d 337 (8th

Cir. 1995). In *Blaise v. Fenn*, an Iowa Corrections' regulation capped the amount of funds an indigent inmate could indebt his inmate account per month for legal mailings, but allowed the inmate to appeal to the deputy warden for additional funds if the inmate demonstrated an "exceptional need." *Id.* at 338. The court found that the Iowa Corrections' regulation "comfortably meets the *Turner* standards" because it was rationally related to the legitimate penological goals of preserving prison resources and encouraging sound fiscal decisions and discipline in inmates. *Id.* at 340-41.

A.R. 116.01 and 205.01, as alleged by Gray in his petition, are less stringent than the regulations the court found constitutional in *Blaise v. Fenn*. The regulations allow for an indigent inmate to potentially indebt his inmate account in perpetuity, without allowing DCS to refuse to process the inmate's legal mailings. Therefore, upon our de novo review, even when we accept as true all the facts pled by Gray and the proper and reasonable inferences of law and fact which may be drawn therefrom, we conclude Gray has failed to state a claim to relief that is plausible on its face. The district court did not err in granting DCS' motion to dismiss.

CONCLUSION

Upon our review of the record, we conclude that the district court did not err in granting DCS' motion to dismiss.

AFFIRMED.