EUGENE STOCK, APPELLEE, V. LOUIS A. MEISSNER, APPELLEE, AND UNIVERSAL SURETY COMPANY, APPELLANT.

348 N.W.2d 426

Filed April 20, 1984. No. 83-417.

James W. Hewitt, for appellant.

Edward F. Carter, Jr., and Dana Baker of Barney, Carter & Johnson, P.C., and Cleo Robak, for appellee Stock.

BOSLAUGH, WHITE, and GRANT, JJ., and CHEUVRONT, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.
Defendant Universal Surety Company (Universal) appeals the entry of a money judgment against it as surety on a grain dealer's bond, claiming that the summary judgment in favor of the codefendant principal, Louis A. Meissner, discharged the liability of the surety.

There is no dispute as to the facts, which are fully set out in *Stock v. Meissner*, 209 Neb. 636, 309 N.W.2d 86 (1981), wherein Western Surety Company was the surety party defendant. The suit is based on an oral contract under which the plaintiff, Eugene Stock, and his assignors sold 4,072.32 bushels of corn to Meissner, a grain dealer, in February 1974 at $2 a bushel. No payment was made, and in 1979 Stock filed suit against Meissner and Western Surety Company, which was the surety for Meissner at the time that suit was filed. Summary judgment was entered in favor of Western, for the reason that it was not the surety at the time of the alleged oral contract, and in favor of Meissner, on the basis of the 4-year statute of limitations applicable to suits on oral contracts. Stock demanded payment from Universal in 1981, but no payment was ever made. Meissner and Universal, as surety, had executed and filed a surety bond on January 12, 1973, that was canceled September 21, 1975.

The bond is required by Neb. Rev. Stat. § 88-518 (Reissue 1981) for Meissner's grain dealer license from the Public Service Commission "conditioned

that the applicant will pay the purchase price of such grain upon demand of the owner or seller . . . ." The statute of limitations applicable to suits on such a bond is 10 years. Neb. Rev. Stat. § 25-209 (Reissue 1979).

Following the 1981 case, Stock refiled his claim alleging one cause of action on Universal's surety bond, joining Meissner and Universal as defendants.

Meissner and Universal filed separate motions for summary judgment. Meissner's motion was granted upon general findings. Stock's motion for new trial was denied, and he did not appeal; that judgment is final. Universal's motion was denied, and a trial was held on stipulated facts. Judgment was entered against Universal for $8,144.64, plus interest, costs, and attorney fees. Neb. Rev. Stat. § 44-359 (Reissue 1978).

On appeal Universal claims that the summary judgment in favor of the principal, Meissner, discharged the liability of Universal as surety, citing *Niklaus v. Phoenix Indemnity Co.*, 166 Neb. 438, 89 N.W.2d 258 (1958), which held that a surety's obligation is not an original or direct one but, rather, is collateral to the principal's obligation.

*Niklaus* is not applicable to the facts here. The grain dealer's bond is an official bond, sometimes called a statutory bond, creating a new obligation; the liability of both principal and surety is original and primary. *Neisius v. Henry*, 143 Neb. 273, 9 N.W.2d 163 (1943).

The terms of the surety bond here provided that Meissner and Universal were jointly and severally liable. We have held in other similar cases that on official bonds the principal and surety are jointly and severally liable. See, *State Surety Co. v. Peters*, 197 Neb. 472, 249 N.W.2d 740 (1977) (fuel dealers bond); *Suns Ins. Co. v. Aetna Ins. Co.*, 169 Neb. 94, 98 N.W.2d 692 (1959) (motor vehicle dealers bond). "In a joint obligation, as well as in a joint and several obligation, each obligor who is bound at

all is legally liable for the whole undertaking . . . ."
12 Am. Jur. 2d *Bonds* § 29 at 499 (1964). The record
here does not show the reasoning or basis for grant-
ing Meissner's summary judgment, and whether or
not it was correct was not preserved in this appeal.
The record does show that Meissner's application al-
leged defenses of (1) the bar of the statute of limita-
tions, (2) issue preclusion, and (3) the laws of the
case, which were not substantive issues. The execu-
tion of the bond was admitted in the pleadings, and
the summary judgment did not litigate the merits of
Universal's liability on the bond.

Universal also contends that since in the 1981 case
the 4-year statute of limitations was applied, col-
lateral estoppel, or issue preclusion, bars Stock from
now asserting that the 10-year statute of limitations
is applicable here.

Statutes of limitations are statutes of repose,
*Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982),
and generally they do not impair existing substan-
tive rights, but merely affect the procedure by
which such rights may be enforced, *Cedars Corp. v.
Swoboda*, 210 Neb. 180, 313 N.W.2d 276 (1981). See 51
Am. Jur. 2d *Limitation of Actions* § 3 at 593 (1970).

> It is now generally held that collateral estoppel
> may be applied if the *identical issue* was decided
> in a prior action, there was a judgment on the
> merits which was final, the party against whom
> the rule is to be applied was a party or in privity
> with a party to the prior action, *and there was
> an opportunity to fully and fairly litigate the is-
> sue in the prior action.*

(Emphasis supplied.) *Borland v. Gillespie*, 206 Neb.
191, 198, 292 N.W.2d 26, 31 (1980).

In the 1981 case the 4-year statute of limitations
was applied in favor of Meissner as a defense to the
action on the oral contract; however, the summary
judgment in that case did not litigate or impair
Stock's rights and separate cause of action against
Universal on the statutory bond. The issue of the

applicability of the 10-year statute of limitations to a suit on the bond executed by Meissner and Universal had never been resolved; therefore, the original summary judgment in favor of Meissner does not operate to bar the cause of action against Universal.

Stock is allowed $750 for the services of his attorneys in this court.

AFFIRMED.