FIRST NATIONAL BANK OF HAYES CENTER, A NATIONAL BANKING CORPORATION, APPELLANT AND CROSS-APPELLEE, V. RICKEL, INC., A KANSAS CORPORATION, APPELLEE AND CROSS-APPELLANT.

427 N.W.2d 777

Filed August 12, 1988.   No. 86-941.

Stanley C. Goodwin, of Colfer, Lyons, Wood, Malcom & Goodwin, for appellant.

Royce E. Norman, of Kelley, Scritsmier, Moore & Byrne, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

SPRAGUE, D.J.

Plaintiff, First National Bank of Hayes Center, perfected a security interest in wheat owned by James Palic in May of 1982. In October of 1982, Palic sold 10,483.83 bushels of the wheat to one Jimmie Sailors.

During the period of October 25 through 27, 1982, Sailors sold the wheat to VerDon Scott, doing business as Beverly Grain Company, and the wheat was delivered at that time.

On November 26, 1982, a shortage of wheat was identified in the Beverly Grain Company elevator, amounting to 41,285 bushels.

On February 8, 1983, First National Bank filed a replevin action against Scott, doing business as Beverly Grain Company, and requested the district court for Hitchcock County to enter judgment for the return of the wheat or the value thereof.

On May 23, 1983, the daily position records of the Beverly Grain Company showed "company-owned" wheat of 11,245.34 bushels, less 41,285 bushels missing since November 26, 1982, which missing bushels were identified in the records under "adjustments."

Scott purchased a leasehold interest in the elevator facilities from Rickel, Inc., on contract on June 6, 1977. Scott independently operated and was in sole possession of the facility from that time until August of 1983.

Rickel took possession of the grain elevator facilities on August 19, 1983. The repossession took place pursuant to a written agreement between Scott and Rickel, wherein it was stated that "as a result of the theft, conversion or loss of large quantities of grain from the Grain Elevator Facility, Scott is no longer able to own, operate, and manage the Grain Elevator Facility." The repurchase of the facilities was a purchase by Rickel of assets only. The only liabilities Rickel agreed to be responsible for were the "open storage," "warehouse receipts," and "Commodity Credit Corporation" obligations then appearing on the records of the Beverly Grain Company.

The U.S. Department of Agriculture conducted an audit of

Scott's elevator on August 18, 1983, including a measurement of the wheat in the elevator at that time. The USDA determined that the elevator contained only 378 bushels of wheat owned by Scott.

Rickel also conducted an audit and measurement of the grain in the elevator on August 18, 1983, and determined that the elevator contained 377.69 bushels of wheat owned by Scott at the end of that working day. Scott's records revealed no ownership interest of wheat in the names of the bank, Jimmie Sailors, or James Palic.

The purchase or repossession of the elevator by Rickel on August 19, 1983, included the purchase by Rickel of all wheat then owned by Scott in the elevator, amounting to 377.69 bushels.

On December 12, 1983, the district court for Hitchcock County, Nebraska, after a hearing in which neither Scott nor his counsel participated, entered judgment for the bank and against Scott for the return of the wheat or $35,120.84. The judgment entered against Scott was based upon the per-bushel price which Sailors agreed to pay Palic in October of 1982.

This replevin action was filed by the bank against Rickel on March 29, 1984, and summons was served on July 24, 1984. The trial court received exhibits and stipulated facts on May 13, 1986, and entered its judgment on August 25, 1986, overruling defendant's motion to dismiss and awarding the bank a judgment against Rickel for the return of 377.69 bushels of wheat or the sum of $1,265.23.

The bank appeals the judgment. The plaintiff contends that the court erred in determining that the defendant, Rickel, was not estopped from denying its possession of wheat in which plaintiff claimed a security interest.

The defendant cross-appeals. The defendant assigns as error that the trial court found defendant possessed wheat subject to the replevin claim and that the court erred in not assessing the value of wheat as its value at the time of trial.

Replevin will not lie against one who is not detaining the property when the writ is sued out. *Arcadia State Bank v. Nelson*, 222 Neb. 704, 386 N.W.2d 451 (1986); *Frank v. Stearns*, 111 Neb. 101, 195 N.W. 949 (1923); *Cromwell v. Ward*,

192 Neb. 178, 219 N.W.2d 446 (1974).

There was no evidence of the defendant's possession or wrongful detention of the wheat when this suit was commenced or, for that matter, at any other time. Therefore, the plaintiff has failed in its primary burden of proof.

Plaintiff urges the court to apply the doctrine of collateral estoppel against Rickel on the theory that Rickel's possession of the wheat was previously determined by the trial court in the bank's action against VerDon Scott. Collateral estoppel may only be applied to an identical issue decided in a prior action. *Stock v. Meissner*, 217 Neb. 56, 348 N.W.2d 426 (1984).

The issue which must be proved by the bank in this case is whether Rickel was in possession of the wheat on the date this action was commenced. That is not the same issue decided in the Scott case, nor does it necessarily cover the same subject matter. The issue of possession in the two cases is not identical as to each defendant. Therefore, the application of the doctrine of collateral estoppel must fail.

The plaintiff also advances the theory that Rickel assumed the liabilities of VerDon Scott when the operation of the elevator was returned to Rickel. Plaintiff raises this theory for the first time on this appeal. An issue not presented to or passed upon by the trial court is not an appropriate issue for consideration on appeal. *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985); *Hasenauer v. Durbin*, 216 Neb. 714, 346 N.W.2d 695 (1984).

The trial court entered judgment for the return of 377.69 bushels of wheat or for the sum of $1,265.23. The court used as its measure of value the valuation arrived upon by the court in the Scott case. There is absent from the record any evidence of the value of the wheat at the time of trial. Property subject to replevin is to be valued at the time of trial. *Community Credit Co. v. Gillham*, 191 Neb. 198, 214 N.W.2d 384 (1974).

The judgment of the district court for Hitchcock County is vacated and this case is dismissed.

REVERSED AND DISMISSED.