Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/22/2017 09:09 AM CDT

- 929 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

Randle S. Jensen, an individual,
appellant, v. Champion Window
of Omaha, LLC, appellee.
___ N.W.2d ___

Filed August 15, 2017.    No. A-16-780.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Motions to Dismiss: Appeal and Error.** When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions.

3. **Claim Preclusion.** The doctrine of claim preclusion applies when there are two proceedings and the following four requirements are satisfied: (1) there was a final judgment on the merits in the prior action; (2) the judgment was entered by a court of competent jurisdiction; (3) both the prior and the subsequent actions involved the same cause of action; and (4) both the prior and subsequent actions were between the same parties or persons in privity with them.

4. **Judgments: Claim Preclusion.** A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

5. **Actions: Claim Preclusion.** A party who could have raised claims in a prior action but failed to do so is precluded from raising those claims in a subsequent action.

6. ____: ____. Where a federal court dismisses the filed federal causes of action with prejudice but reserves and dismisses the state law

- 930 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

claims filed contemporaneously, the only claims reserved are those expressly dismissed without prejudice. Any other state law claims arising from the same factual scenario but not brought in the federal lawsuit are precluded.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Affirmed.

Terry B. White, of Carlson & Burnett, L.L.P., for appellant.

Sarah J. Millsap and Kenneth M. Wentz III, of Jackson Lewis, P.C., for appellee.

Inbody, Riedmann, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Randle S. Jensen appeals from an order of the district court which granted a motion to dismiss in favor of Champion Window of Omaha, LLC (Champion). On appeal, Jensen argues the district court erred in dismissing his claims for negligent and intentional infliction of emotional distress based on claim preclusion. For the reasons set forth below, we affirm.

## BACKGROUND

Jensen worked several years at Champion as an installation manager. Jensen's employment was terminated on August 12, 2013. Following his termination, Jensen filed a charge of discrimination with the federal Equal Employment Opportunity Commission (EEOC), which cross-filed his complaint with the Nebraska Equal Opportunity Commission (NEOC). Jensen alleged Champion discriminated against him based on his sex, retaliated against him for reporting sexual harassment, and retaliated against him for reporting alleged violations of building codes and regulations.

On September 2, 2014, the NEOC issued a notice indicating it found no reasonable cause to support Jensen's allegations.

- 931 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

The notice stated that Jensen had 90 days after the receipt of the notice to file suit. On December 1, Jensen filed a federal action in the U.S. District Court for the District of Nebraska. Jensen's federal complaint alleged violations of title VII of the Civil Rights Act of 1964 and violations of the Nebraska Fair Employment Practice Act. The federal court granted summary judgment in favor of Champion on December 8, 2015. The federal court dismissed Jensen's title VII claims with prejudice and declined to exercise supplemental jurisdiction over his state law claims. The federal court expressly reserved Jensen's state law claims and dismissed them without prejudice.

On February 26, 2016, Jensen filed a complaint in the district court for Douglas County. Jensen's complaint in the district court was nearly identical to the complaint filed in federal court. Jensen filed an amended complaint in the district court on March 29. This complaint was nearly identical to his previous complaints, except that Jensen added a claim titled "Negligent and/or Intentional Infliction of Emotional Distress by Champion — In Violation of Nebraska Laws." Jensen relied on the same factual basis for all of his claims, as he incorporated the factual basis by reference for each claim.

Champion filed a motion to dismiss on April 11, 2016. The district court granted Champion's motion to dismiss in an order dated July 20, 2016. In reaching its decision, the court took judicial notice of Jensen's federal complaint. The court determined that Jensen's retaliation claims were barred because they were not filed in a timely manner pursuant to the NEOC order. The court also found that Jensen's emotional distress claims were barred because they arose out of the same cause of action as alleged in the federal complaint and were not expressly reserved in the federal court's order. Jensen appeals only the district court's granting of Champion's motion to dismiss with regard to his emotional distress claims.

- 932 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

Jensen assigned no error to the district court's finding that his retaliation claims were time barred. Therefore, we will not address that issue.

## ASSIGNMENT OF ERROR

Jensen argues, restated, that the district court erred in granting Champion's motion to dismiss his emotional distress claims.

## STANDARD OF REVIEW

[1,2] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Hargesheimer v. Gale*, 294 Neb. 123, 881 N.W.2d 589 (2016). When reviewing a dismissal order, the appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *Id.*

## ANALYSIS

Jensen argues that his claims for emotional distress should not have been dismissed, because the federal court did not retain jurisdiction over his state law claims, and that he was therefore free to amend his complaint to add an additional state law claim.

[3,4] The doctrine of claim preclusion applies when there are two proceedings and the following four requirements are satisfied: (1) there was a final judgment on the merits in the prior action; (2) the judgment was entered by a court of competent jurisdiction; (3) both the prior and the subsequent actions involved the same cause of action; and (4) both the prior and subsequent actions were between the same parties or persons in privity with them. See *Young v. Govier & Milone*, 286 Neb. 224, 835 N.W.2d 684 (2013). A judgment on the merits, rendered in a former suit between the same

- 933 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. See *Jensen v. Jensen*, 275 Neb. 921, 750 N.W.2d 335 (2008).

There is a split of authority on the very narrow issue before us: When a federal court disposes of federal claims brought before it in pretrial motions and expressly declines to exercise supplemental jurisdiction over the included state law claims, is a party precluded, in a subsequent action filed in state court, from bringing an additional state law claim that was not expressly reserved by the federal court? Upon our review of the claim in this case, we find that Jensen should be precluded from bringing a new claim in the subsequent action.

The Restatement (Second) of Judgments § 25 comment *e.* (1982) provides:

> A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

Some courts have adopted the exception that if the court in the first action would clearly have declined to exercise

- 934 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

jurisdiction as a matter of discretion, then a second action in a competent court presenting the omitted theory or ground should be held not precluded. See, *Pierson Sand v Keeler Brass*, 460 Mich. 372, 596 N.W.2d 153 (1999); *Parks v. City of Madison*, 171 Wis. 2d 730, 492 N.W.2d 365 (Wis. App. 1992); *Sattler v. Bailey*, 184 W. Va. 212, 400 S.E.2d 220 (1990); *Merry v. Coast Community College Dist.*, 97 Cal. App. 3d 214, 158 Cal. Rptr. 603 (1979).

However, the Restatement (Second) of Judgments § 26(b) (1982) further states that a plaintiff's claim is not precluded by a final judgment if the court in the first action has expressly reserved the plaintiff's right to maintain the second action. This is contingent upon the court expressly reserving a plaintiff's ability to bring a particular claim. *Id.* When a court splits a cause of action by dismissing one part with prejudice and one part without prejudice, the only claims reserved are those expressly dismissed without prejudice. Some courts have adopted this view and have held that any state claims not reserved by the federal court are precluded. See, *Korn v. Paul Revere Life Ins. Co.*, 83 Mass. App. 432, 984 N.E.2d 882 (2013); *Lambert v. Iowa Dept. of Transp.*, 804 N.W.2d 253 (Iowa 2011).

The jurisdictions that have adopted the exception cited above rely heavily on whether the federal court would have declined to exercise supplemental jurisdiction. See *Pierson Sand, supra*. Those jurisdictions reason that a federal court will typically not exercise supplemental jurisdiction over state law claims once it has disposed of the federal claims pretrial. These jurisdictions reason that since the federal court clearly would have dismissed the state law claims without prejudice, then it is of no consequence if the party adds additional state law claims in state court.

The jurisdictions that have declined to adopt the above exception clearly disfavor attempting to divine or speculate what the federal court would have done if it were presented

- 935 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

with the state law claim that was added after dismissal of the case. See *Korn, supra*. Additionally, these jurisdictions believe the exception undercuts the broader principles against claim splitting and judicial economy. They reason that whether the party intentionally or inadvertently omitted the additional claim in the federal lawsuit, the party should not receive a second opportunity to litigate its claim based on the same factual scenario.

[5,6] We were unable to find a Nebraska case that deals with this specific issue. However, we believe that our case law is clear that a party must bring all claims in its initial action. A party who could have raised claims in a prior action but failed to do so is precluded from raising those claims in a subsequent action. See *Ichtertz v. Orthopaedic Specialists of Neb.*, 273 Neb. 466, 730 N.W.2d 798 (2007). The key words here are "could have raised." If the party could not have raised the claims in the prior action, perhaps because the court in the prior action lacked jurisdiction over them or because the claims had not yet matured, then the judgment in the prior action would not preclude the assertion of those claims in a subsequent action. See *id.* Therefore, we adopt the view that where a federal court dismisses the filed federal causes of action with prejudice but reserves and dismisses the state law claims filed contemporaneously, the only claims reserved are those expressly dismissed without prejudice. Any other state law claims arising from the same factual scenario but not brought in the federal lawsuit are precluded.

Because the federal court did not expressly reserve Jensen's claims for emotional distress, Jensen is precluded from bringing these additional claims that could have been brought before the federal court. It is clear from the pleadings that Jensen is alleging identical facts as a basis for his emotional distress claims as were pled in the claims brought in federal court. There was a final judgment on the merits of his federal

- 936 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
JENSEN v. CHAMPION WINDOW OF OMAHA
Cite as 24 Neb. App. 929

claims. The federal court was a court of competent jurisdiction. Both the federal and state actions involved the same facts and the same causes of action. Both the prior and subsequent actions were between the same parties. The claims of emotional distress arose during the same occurrences as his other claims. Therefore, the district court did not err in granting Champion's motion to dismiss the claims based on claim preclusion.

## CONCLUSION

We find that, based on claim preclusion, the district court did not err in granting Champion's motion to dismiss the claims.

AFFIRMED.