Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/17/2023 09:05 AM CST

Dennis R. Trausch, an individual, and Janelle
M. Trausch, an individual, appellants and
cross-appellees, v. Linda M. Hagemeier, an
individual, appellee and cross-appellant,
and RLI Insurance Company, an
Illinois corporation, appellee.

___ N.W.2d ___

Filed February 17, 2023.    No. S-22-075.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party.

2. **Limitations of Actions: Appeal and Error.** The question of which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court.

3. **Attorney Fees: Appeal and Error.** On appeal, an appellate court will uphold a lower court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation in the absence of an abuse of discretion. Allocation of amounts due between offending parties and attorneys is part and parcel of the determination of the amount of an award and is reviewed for an abuse of discretion.

4. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

5. **Motions to Dismiss: Pleadings.** As a general rule, when a court grants a motion to dismiss, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility.

6. **Pleadings.** Leave to amend should not be granted when it is clear that the defect cannot be cured by amendment.

7. **Pleadings: Rules of the Supreme Court.** Where leave to amend is sought before discovery is complete and before a motion for summary judgment has been filed, leave to amend should be denied as futile only if the proposed amendment cannot withstand a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6).

8. **Motions to Dismiss: Rules of the Supreme Court: Pleadings.** Because a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss.

9. **Motions to Dismiss: Pleadings.** A motion to dismiss should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

10. **Motions to Dismiss: Summary Judgment: Pleadings.** If, on a motion to dismiss for failure to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion shall ordinarily be treated as one for summary judgment and the parties must be given reasonable opportunity to present all material made pertinent to such a motion.

11. **Judicial Notice: Motions to Dismiss: Summary Judgment: Pleadings.** When prior court filings are matters of public record, they can be judicially noticed without converting a motion to dismiss into a motion for summary judgment.

12. **Judicial Notice: Records: Appeal and Error.** Papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions.

13. **Judicial Notice.** When a court takes judicial notice of a fact, care should be taken by the court to identify the fact it is noticing, and its justification for doing so.

14. **Judicial Notice: Records: Claim Preclusion: Issue Preclusion.** A court may judicially notice existence of its records and the records of another court, but judicial notice of facts reflected in a court's records is subject to the doctrines of claim preclusion, issue preclusion, and the law of the case.

15. **Estoppel.** The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.

16. **Estoppel: Intent.** Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by

taking one position in a proceeding and then switching to a different position when convenient in a later proceeding.

17. **Judgments: Claim Preclusion.** Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action.

18. **Claim Preclusion.** The doctrine of claim preclusion rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause.

19. **Judgments: Claim Preclusion.** A dismissal with prejudice is a final judgment, because it operates as a rejection of the plaintiff's claims on the merits and claim preclusion applies.

20. **Limitations of Actions: Dismissal and Nonsuit: Jurisdiction.** After dismissal of an action as to a named party by operation of law under Neb. Rev. Stat. § 25-217(3) (Cum. Supp. 2022), there is no longer an action pending against that party and the district court has no jurisdiction to make any further orders except to formalize the dismissal.

21. **Actions: Attorney Fees: Words and Phrases.** "Frivolous," for the purposes of Neb. Rev. Stat. § 25-824 (Reissue 2016), is defined as being a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit. It connotes an improper motive or legal position so wholly without merit as to be ridiculous.

22. **Judgments: Claims: Words and Phrases.** The determination of whether a particular claim or defense is frivolous must depend upon the facts of the particular case.

Appeal from the District Court for Clay County: Vicky L. Johnson, Judge. Affirmed as modified.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellants.

Richard P. Garden, Jr., of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee and cross-appellant.

Miller-Lerman, Cassel, Stacy, Funke, and Freudenberg, JJ., and Miller, District Judge.

Miller-Lerman, J.

## I. NATURE OF CASE

Based on the allegation that public notary Linda M. Hagemeier did not in fact witness their signatures on certain documents, Dennis R. Trausch and Janelle M. Trausch sued Hagemeier and her surety, RLI Insurance Company (RLI), for damages in the district court for Clay County, Nebraska. RLI was not served and did not appear. Because it determined that the claims were barred by the 4-year statute of limitations for negligence, Neb. Rev. Stat. § 25-207(3) (Reissue 2016), the district court dismissed the amended complaint and did so with prejudice. The order also stated that because the action against Hagemeier failed, "so must the cause of action against [RLI]." In addition, the district court imposed sanctions of $10,000 in attorney fees and costs against the Trausches because the litigation was "frivolous, willful, in bad faith, and vexatious." The Trausches appeal. On cross-appeal, Hagemeier claims that the district court abused its discretion when it imposed sanctions solely on the Trausches rather than allocating sanctions jointly and severally between the Trausches and their counsel.

We agree with the district court that the Trausches' negligence claim against Hagemeier was not timely filed and that it was properly dismissed with prejudice. We find no abuse of discretion with regard to the sanctions or the amount of attorney fees imposed on the Trausches. Accordingly, we affirm the district court's order with respect to Hagemeier. However, because RLI was not served and did not appear in district court, we modify the order of the district court to the extent it purported to make rulings affecting RLI.

## II. STATEMENT OF FACTS

### 1. Background

This appeal stems from improper notarization of deeds of trust and disclaimers of homestead (collectively the Documents) executed between the Trausches and Cornerstone

Bank (Bank). The Documents listed the Bank as the lender and gave it the right to foreclose by power of sale on the subject real property in the event of default. The Documents were later recorded with the Adams County, Nebraska, register of deeds. The Trausches allege that Hagemeier, a notary public and employee of the Bank, falsely declared she had witnessed their signatures on the Documents, when she was not actually present at signing.

The Trausches defaulted on their obligations under the loan. The Trausches claim that Hagemeier's false notarization enabled the Documents to be recorded, without which the Bank could not have foreclosed against the real property pursuant to the foreclosure process described in Neb. Rev. Stat. § 76-1006 (Reissue 2018).

## 2. PRIOR ACTIONS

Prior to this case, the Trausches and their families initiated several other proceedings against the Bank and its employees, and several cases involved the validity of the Documents central to the Trausches' present claims. Court filings and orders in the parties' prior litigation were judicially noticed in the orders of the court determining that the matter had been litigated in other courts and were admitted at the hearing on sanctions.

### (a) Bankruptcy Court Proceedings

The Trausches filed two cases in the U.S. Bankruptcy Court for the District of Nebraska in 2018 concerning debts in their family farming operations. While pursuing a line of credit of $730,000 from the Bank, the Trausches made several bankruptcy filings vouching for the enforceability of the Documents at issue in the present action. In their motion to incur secured debt and in a joint stipulation by the Bank, the Trausches asserted, inter alia:

> (i) [T]he Loan Documents were duly executed and are valid and binding on the Debtors; (ii) the Loan

Documents are fully enforceable according to the terms thereof; (iii) there is no defense, offset or counterclaim that any Debtor could assert with respect to the Loan Documents or the Indebtedness; (iv) the liens and security interests granted pursuant to the Loan Documents are valid and perfected liens and security interests upon the Collateral and are not subject to avoidance; (v) that Debtors have no claims or causes of action against the Bank; and (vi) that the Debtors will not bring any claim or cause of action against the Bank, including, but not limited to, tort claims, claims contesting the amount or enforceability of the indebtedness, claims contesting the enforceability of the Loan Documents or avoidance claims under the [Bankruptcy] Code.

The bankruptcy court approved the Trausches' motion to incur secured debt and entered the stipulated order. The Bank extended credit to the Trausches to conduct their 2018 farming operations.

### (b) Adams County Litigation

In a prior action between the Trausches and the Bank in the district court for Adams County, the Trausches asserted affirmative defenses and counterclaims against the Bank based on the allegation that Hagemeier was negligent in the manner she notarized the Documents.

As an affirmative defense to the Bank's claims on promissory notes, the Trausches alleged in an exhibit in that case that

at the time [the Trausches] signed the deed of trust annexed to the [Bank's] Complaint . . . , they did not do so in the presence of . . . Hagemeier; that . . . Hagemeier at some later time affixed her signature and notarial seal to said document; and that said purported notarial act was, as a result, ineffective and done in violation of Neb. Rev. Stat. § 64-105.

The Trausches' counterclaims in the Adams County case further alleged that the purported trustee's sale of the real

property was void because it was based on the Documents, which were not signed in the presence of a notary public, and that thus, the Documents are void and their recording in the Adams County register of deeds was impermissible and void at its inception. The Trausches alleged that the failure of Hagemeier to properly notarize the Documents voided any subsequent notice of default and notice of trustee's sale, made the sale of the real property void for lack of notice, and meant that the real property was not effectively conveyed to the purported buyer.

The Adams County District Court found that the Trausches did not approach the process of discovery seriously, that their conduct "was in bad faith and frustrated the rules of discovery," and that it was willful. As a result, the Adams County District Court imposed a sanction of dismissing the affirmative defenses, counterclaims, and third-party complaint filed by the Trausches and their family farming corporation.

## 3. Procedural History

In the present action, the Trausches allege in their amended complaint that Hagemeier "breached her duty as a Nebraska notary public" and was negligent when she purported to notarize the signatures on the Documents when, in fact, she was not present. The amended complaint named Hagemeier and her surety, RLI. With respect to Hagemeier's negligence, the amended complaint sought general and special damages related to the proceedings concerning the real property that is the subject of the Documents, including the Bank's sale of the real estate through the nonjudicial foreclosure process described in § 76-1006. The Trausches also asserted that RLI was liable up to the limits of its surety bond, $15,000, for damages incurred as a result of the fact that Hagemeier had not notarized the Documents in the manner provided by law.

RLI was not served with the amended complaint and did not appear in these proceedings. Hagemeier moved to dismiss the amended complaint. The Trausches did not seek to

amend the substance of their complaint. At the hearing on the motion, the parties submitted exhibits. Although the district court properly took judicial notice of public court records and marked them as part of the bill of exceptions, it stated it did not want to admit evidence on the motion to dismiss in an effort to avoid the danger of converting Hagemeier's motion into a motion for summary judgment. Several exhibits were received on Hagemeier's motion for sanctions sought under Neb. Rev. Stat. § 25-824 (Reissue 2016). The record includes court filings and orders from prior related proceedings in bankruptcy court and the district court for Adams County, and an affidavit by Hagemeier's attorney swearing that "[t]he total sanction sought in this case is $10,737 which represents the attorney's fees incurred to date to defend this action."

In its order following the hearing, the district court determined that the action was time barred and granted Hagemeier's motion to dismiss. In support of its order, the court determined that the applicable statute of limitations was § 25-207(3), which sets forth a period of 4 years for negligence actions. The Documents were signed on June 8, 2017, but the Trausches did not initiate this case until November 10, 2021. Because the district court found there was no method of correcting the defects in the amended complaint by additional pleading, it dismissed the action, and it did so with prejudice and without leave to replead for various reasons discussed below.

With respect to the motion for sanctions, the district court noted, inter alia, that the issues presented in this case had been litigated in bankruptcy court and in the district court for Adams County. Applying § 25-824(2) and Neb. Rev. Stat. § 25-824.01 (Reissue 2016), the district court found that the Trausches' action was frivolous, willful, in bad faith, and vexatious; that the Trausches and their counsel failed to respond to requests to resolve the matter; and that there was no reasonable basis on which the Trausches could have proceeded on any legal action. The district court imposed $10,000 in

attorney fees and costs as sanctions against the Trausches and in favor of Hagemeier.

The Trausches appeal. Hagemeier cross-appeals.

## III. ASSIGNMENTS OF ERROR

The Trausches assign, summarized and restated, that the district court erred when it found the amended complaint stated a claim for negligence and dismissed the case as untimely under § 25-207. The Trausches also claim the district court abused its discretion when it dismissed the case with prejudice, found the litigation was frivolous or made in bad faith, and assessed attorney fees of $10,000 as a sanction against them.

On cross-appeal, Hagemeier claims that the district court abused its discretion when it failed to allocate sanctions jointly and severally between the Trausches and their counsel.

## IV. STANDARDS OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 312 Neb. 629, 980 N.W.2d 437 (2022).

[2] The question of which statute of limitations applies is a question of law that an appellate court must decide independently of the conclusion reached by the trial court. *Mai v. German, ante* p. 187, 983 N.W.2d 114 (2023).

[3,4] On appeal, an appellate court will uphold a lower court's decision allowing or disallowing attorney fees for frivolous or bad faith litigation in the absence of an abuse of discretion. *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020). Allocation of amounts due between offending parties and attorneys is part and parcel of the determination of the amount of an award and is reviewed for an abuse of discretion. *Id*. A judicial abuse of

discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

## V. ANALYSIS

The Trausches contend that we should reverse the district court's order that dismissed the amended complaint with prejudice and imposed sanctions on them. On cross-appeal, Hagemeier contends that the district court abused its discretion when it sanctioned only the Trausches rather than allocating the award of attorney fees jointly and severally between the Trausches and their attorney.

### 1. Statutes of Limitations and Party Affected

Neb. Rev. Stat. § 64-109 (Reissue 2018) provides that a damaged party can maintain a civil action on the official bond of a notary, against the notary public and his or her sureties. In the course of this appeal, the parties have suggested that no statute explicitly provides the limitations period for a civil action against a notary public brought under § 64-109. The parties characterized the Trausches' amended complaint in competing ways to support their preferred statutes of limitations, including § 25-207(3) (negligence), as well as Neb. Rev. Stat. § 25-205(1) (Reissue 2016) (action upon promise in writing), Neb. Rev. Stat. § 25-212 (Reissue 2016) (action not provided for in chapter 25), Neb. Rev. Stat. § 25-209 (Reissue 2016) (action on official or judicial bond), Neb. Rev. Stat. § 25-206 (Reissue 2016) (action on statutory liability), and § 25-207(4) (fraud).

The transcript in this case reflects that although summons was issued on both defendants, RLI was not served. Thus, RLI was dismissed by operation of law under Neb. Rev. Stat. § 25-217(3) (Cum. Supp. 2022), and without RLI, this case is not an action against a notary and her surety and cannot

be an action on a bond under § 64-109. We therefore agree
with the district court that the operative allegations against
Hagemeier in the amended complaint sounded in negligence
and were subject to the 4-year limitation period for negli-
gence in § 25-207(3). Accordingly, the amended complaint was
properly dismissed as untimely as against Hagemeier.

### (a) Claim Against Hagemeier
### as an Individual

The Trausches contend that the claim against Hagemeier for
negligence with respect to her duties as a notary is an action on
an official bond, and therefore benefits from the 10-year statute
of limitations period found in § 25-209. We disagree with this
characterization of the amended complaint, and furthermore,
the course of this litigation does not support the Trausches'
contention. The pleadings, inter alia, set forth a case for negli-
gence against Hagemeier alone, and the case proceeded against
Hagemeier alone. The district court correctly applied the stat-
ute of limitations for negligence to bar the claims against
Hagemeier. See § 25-207(3).

The amended complaint alleged that Hagemeier was neg-
ligent and breached her duty to witness the signatures of par-
ties to notarized documents. The Trausches sought general
damages and specific damages arising from attorney fees and
costs, impacts on the real estate, replacement of foreclosed real
estate, and income tax consequences. The amended complaint,
as it related to alleged negligence by Hagemeier, framed this
case in the district court and on appeal. Under § 25-207(3), the
statute of limitations for negligence is 4 years.

The district court applied the 4-year limitations period
of § 25-207(3) in its analysis and order and determined
the Trausches' action was barred as against Hagemeier. We
agree. Hagemeier purported to notarize the Documents on
June 8, 2017, and thus the Trausches, having signed the
Documents outside the presence of a notary, had knowledge
of the claim on or before June 8. This case was initiated on

November 10, 2021, which is beyond the 4-year filing period. The amended complaint was not filed in a timely manner as required by § 25-207(3), and the district court correctly granted Hagemeier's motion to dismiss.

### (b) Case Properly Dismissed With Prejudice

[5-7] The order of the district court dismissed the Trausches' amended complaint with prejudice and sua sponte did not grant them leave to amend. As a general rule, when a court grants a motion to dismiss, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility. *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018). Leave to amend should not be granted when it is clear that the defect cannot be cured by amendment. *Williams v. State*, 310 Neb. 588, 967 N.W.2d 677 (2021). Considering the question of whether an amendment is futile, we have said that where leave to amend is sought before discovery is complete and before a motion for summary judgment has been filed, leave to amend should be denied as futile only if the proposed amendment cannot withstand a motion to dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6). *Williams v. State, supra*.

In this case, the district court explained that the issues raised in the amended complaint had been litigated in other venues, including bankruptcy court and the district court for Adams County. The district court stated that "the decisions of those courts constitute[] judicial estoppel of these claims," by which we understand that the court believed both that inconsistent claims were judicially estopped and that previously adjudicated claims were precluded from relitigation in this case. The district court stated that in this action, "there is no reasonable basis on which the [Trausches] could have proceeded on any legal action." We agree.

As an initial matter, the district court determined that in prior cases, the Trausches made certain allegations accepted by the courts, resulting in judicial estoppel, and that claims

litigated in prior proceedings are precluded. The district court referred to prior related litigation in bankruptcy court and in the district court for Adams County.

[8-10] Because a motion to dismiss under § 6-1112(b)(6) tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017). A motion to dismiss should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id*. If, on a motion to dismiss for failure to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion shall ordinarily be treated as one for summary judgment and the parties must be given reasonable opportunity to present all material made pertinent to such a motion. *Id*.

[11] However, when prior filings are matters of public record, they can be judicially noticed without converting a motion to dismiss into a motion for summary judgment. *Id.*; *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 727 N.W.2d 447 (2007), *overruled on other grounds, Moser v. State*, 307 Neb. 18, 948 N.W.2d 194 (2020); *In re Adoption of Kenten H.*, 272 Neb. 846, 725 N.W.2d 548 (2007); *Ferer v. Erickson, Sederstrom*, 272 Neb. 113, 718 N.W.2d 501 (2006).

[12,13] Judicial notice is governed by Neb. Rev. Stat. § 27-201(2)(b) (Reissue 2016), which provides that judicial notice may be taken of any fact not subject to reasonable dispute, when such fact is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Judicial notice may be taken at any stage of the proceeding. § 27-201(6). Papers requested to be judicially noticed must be marked, identified, and made a part of the bill of exceptions. *Bohling v. Bohling*, 304 Neb. 968, 937 N.W.2d 855 (2020). Further, we have stated that care should be taken by the court to identify the fact it is noticing, and

its justification for doing so. *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

[14] A court may judicially notice existence of its records and the records of another court, but judicial notice of facts reflected in a court's records is subject to the doctrines of claim preclusion, issue preclusion, and the law of the case. *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990); R. Collin Mangrum, Mangrum on Nebraska Evidence § 27-201 (2022). See, *Jensen v. Champion Window of Omaha*, 24 Neb. App. 929, 900 N.W.2d 590 (2017); *State v. McMillion*, 23 Neb. App. 687, 875 N.W.2d 877 (2016). See, also, *Stutzka v. McCarville*, 420 F.3d 757 (8th Cir. 2005).

In connection with its determination that dismissal should be with prejudice, the district court took judicial notice of public records of the claims adjudicated in prior litigation in bankruptcy court and in Adams County. We agree that judicial notice of public court records was properly taken, because their use was limited to the truth of facts asserted in the orders, judgments, and findings of fact and conclusions of law. See *Gottsch v. Bank of Stapleton, supra* (citing *In re Snider Farms, Inc.*, 83 B.R. 977 (N.D. Ind. 1988)). The Documents were properly included in the bill of exceptions, and the district court referenced facts therein for the limited purpose of determining whether the Trausches' claims could be refiled or would be barred by the doctrines of judicial estoppel and claim preclusion, thereby making amendment futile.

The Trausches agree that the district court should notice the "intertwined" and "pertinent" matter in other cases. Reply brief for appellants at 10. Accordingly, given the record and limited use of the public records of the other cases, we see no error in the manner the district court employed judicial notice in this case.

[15,16] The doctrine of judicial estoppel protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Western*

*Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). Fundamentally, the intent behind the doctrine of judicial estoppel is to prevent parties from gaining an advantage by taking one position in a proceeding and then switching to a different position when convenient in a later proceeding. *Id*.

In their filings in the bankruptcy court, which were accepted by the bankruptcy court through a stipulated order, the Trausches admitted, inter alia, that the Documents were valid and binding; that the Documents are fully enforceable according to the terms thereof; and that there is no defense, offset, or counterclaim that they could assert with respect to the Documents. The Trausches will be estopped from asserting a position that is inconsistent from the position that it previously advocated in court. Representations in the bankruptcy court are directly contrary to the current claims for damages based on the invalidity of the Documents.

[17,18] Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. *Id*. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Marie v. State*, 302 Neb. 217, 922 N.W.2d 733 (2019).

[19] The order of the district court for Adams County dismissed the Trausches' claims—which, inter alia, challenged the validity of the Documents—with prejudice. A dismissal with prejudice is a final judgment, because it operates as a rejection of the plaintiff's claims on the merits and claim preclusion applies. See, *Eadie v. Leise Properties*, 300 Neb. 141,

912 N.W.2d 715 (2018); *Kuskie v. Adams Bank & Trust of Madrid*, 248 Neb. 18, 531 N.W.2d 921 (1995). The Adams County order disposed of the Trausches' present claims in which the Trausches claim that the Documents are void and unenforceable based on their improper notarization by Hagemeier. The doctrine of claim preclusion has been applied to include claims which might have been brought against parties to the proceeding involving the same subject matter. See, *Marie v. State, supra*; *Doerr v. Chaffe*, 29 Neb. App. 766, 960 N.W.2d 604 (2021). Although Hagemeier was not a party to the Adams County suit, her employer, the Bank, was a party; the effectiveness of Hagemeier's "purported notarial act" was the basis for the Trausch's Adams County case; and the dismissal with prejudice resolved the claims on the merits.

Amendment of the Trausches' complaint would be futile, because the Trausches would be estopped from lodging new claims inconsistent with those resolved in prior litigation, and because the issues underlying the complaint were previously litigated and are barred by claim preclusion. The district court did not err when it dismissed the amended complaint with prejudice and without leave to replead.

### (c) RLI Unaffected by
### These Proceedings

As indicated above, we are aware of § 64-109, which provides for a civil action on the official bond of a notary public against the notary public and his or her sureties. But in this case, as we have observed, RLI was not served and was dismissed by operation of law under § 25-217(3). Without the surety for Hagemeier in this case, this matter was not an action on an official bond and the proceedings did not affect the rights, if any, of the Trausches against RLI.

[20] In this regard, we observe that the order of the district court stated that because the cause of action against Hagemeier fails, "so must the cause of action against [RLI]." Because RLI was not in the case, this comment was unwarranted. After

dismissal of an action as to a named party by operation of law under § 25-217(3), there is no longer an action pending against that party and the district court has no jurisdiction to make any further orders except to formalize the dismissal. *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022). As a result, we modify the order of the district court to affect only the Trausches and Hagemeier, because the court lacked jurisdiction over RLI.

Claims against RLI are not to be viewed as either having been decided by the trial court or remarked upon by this court. Compare *Stock v. Meissner*, 209 Neb. 636, 309 N.W.2d 86 (1981), and *Stock v. Meissner*, 217 Neb. 56, 348 N.W.2d 426 (1984) (noting that statute of limitations for action on oral contract for grain dealer differed from that for action on official surety bond for grain dealer license). Because RLI was not served and stood dismissed, the district court's ruling regarding RLI is a nullity, and we modify the order on appeal accordingly.

## 2. Sanctions

The Trausches next contend that the district court abused its discretion when it assessed sanctions of $10,000 based on attorney fees incurred by Hagemeier. They contend that they did not have an improper motive when they brought the current action. We reject this argument and affirm the order that granted Hagemeier's motion for sanctions.

[21,22] As stated above, we will uphold a lower court's decision to assess sanctions for frivolous or bad faith litigation in the absence of an abuse of discretion. *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020). "Frivolous," for the purposes of § 25-824, is defined as being a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit. *George Clift Enters. v. Oshkosh Feedyard Corp., supra.* It connotes an improper motive or legal position so wholly without merit as

to be ridiculous. *Id*. The determination of whether a particular claim or defense is frivolous must depend upon the facts of the particular case. *Id*.

### (a) Sanctions Against the Trausches

After deciding that the amended complaint should be dismissed, the district court considered Hagemeier's motion for sanctions supported by an affidavit itemizing her attorney fees and costs of $10,737. The district court dismissed the amended complaint "with prejudice [and] without leave to amend," and awarded $10,000 in sanctions. In support of its decision, the district court found that "the conduct of the [Trausches] herein was frivolous, willful, in bad faith, and vexatious." As discussed above, the district court observed that "this matter has been litigated in other venues." It also found that the Trausches and their counsel failed to respond to Hagemeier's requests to resolve the matter and found that there was no reasonable basis on which the Trausches could have proceeded on any legal action.

Sections 25-824 and 25-824.01 provide that the court, at its discretion, can assess sanctions against the culpable parties and attorneys for claims or defenses which are frivolous or made in bad faith. Section 25-824(2) provides, in relevant part:

> [T]he court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

A court determining the amount of attorney fees and costs to levy against a party who has made a frivolous or bad faith claim considers statutory factors, including, but not limited to, the following:

> In determining the amount of a cost or an attorney's fee award pursuant to subsection (2) of section 25-824,

the court shall exercise its sound discretion. When granting an award of costs and attorney's fees, the court shall specifically set forth the reasons for such award and shall, in determining whether to assess attorney's fees and costs and the amount to be assessed against offending attorneys and parties, consider the following factors, including, but not limited to: (1) The extent to which any effort was made to determine the validity of any action or claim before the action was asserted; (2) the extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses that have been found not to be valid; (3) the availability of facts to assist the party to determine the validity of a claim or defense; (4) the relative financial position of the parties involved; (5) whether or not the action was prosecuted or defended in whole or in part in bad faith; (6) whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict; (7) the extent to which the party prevailed with respect to the amount of and number of claims in controversy; (8) the amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court; (9) the extent to which a reasonable effort was made to determine prior to the time of filing of a claim that all parties sued or joined were proper parties owing a legally defined duty to the plaintiff or defendant; and (10) the extent of any effort made after the commencement of an action to reduce the number of parties in the action.

§ 25-824.01.

Based on the record on the motion for sanctions, including records from prior relevant litigation, we cannot say that the district court abused its discretion when it found that the Trausches should be sanctioned because their pleadings were frivolous and filed in bad faith.

## (b) Cross-Appeal

In the cross-appeal, Hagemeier argues that the district court abused its discretion because it did not allocate sanctions jointly and severally between the Trausches and their counsel. In this regard, we note that Hagemeier filed a motion for an order nunc pro tunc to clarify whether the sanctions were awarded jointly and severally against the Trausches and their counsel. The district court did not so clarify but did enter an order nunc pro tunc and corrected what appear to be scrivener's errors in the original order. The order nunc pro tunc states that its judgment is as follows: "in favor of . . . Hagemeier against the [Trausches], in the amount of $10,000.00 as sanctions pursuant to Neb. Rev. Stat. Sec. 25-824(2)." In the cross-appeal, Hagemeier asks us to modify the order nunc pro tunc to clarify that the sanctions are applied jointly and severally between the Trausches and their counsel.

Having reviewed the record, we cannot say that the district court abused its discretion in the manner it assessed sanctions, in this case, solely against the Trausches, whose conduct the order called "frivolous, willful, in bad faith, and vexatious." We decline to modify the district court's order in this regard and reject the cross-appeal.

## VI. CONCLUSION

RLI was the surety on Hagemeier's notary public bond, but not having been served and not having appeared, RLI was dismissed by operation of law. See § 25-217(3). The case was one in negligence against Hagemeier and not an action on a bond. The district court lacked jurisdiction over RLI, and we modify the order as indicated below to apply only to Hagemeier and the Trausches.

The allegations against Hagemeier in the Trausches' amended complaint sounded in negligence and were subject to the 4-year statute of limitations of § 25-207(3). Because the complaint was filed outside the limitations period, the district court correctly concluded that claims against Hagemeier

must be dismissed as time barred and, for the reasons explained above, with prejudice. The district court's order regarding timeliness does not apply to RLI, and we modify the decision to delete any ruling regarding RLI. The district court did not abuse its discretion when it imposed sanctions solely against the Trausches for frivolous and bad faith conduct. All other assignments not herein discussed are denied.

Affirmed as modified.

Heavican, C.J., and Papik, J., not participating.